OPINION
Appellants April and Benjamin Howard appeal the decision of the Richland County Court of Common Pleas, Juvenile Division, that granted permanent custody of their four minor children to Appellee Richland County Children Services Board ("Agency"). The following facts give rise to this appeal. In April 1995, the Agency filed an amended complaint in which it alleged that appellants physically abused one or more of their children. Specifically, the complaint alleged that Appellant Benjamin Howard used inappropriate discipline and that Appellant April Howard failed to protect the children from the abuse. Following a hearing, the trial court issued a protective supervision order and the Agency developed a case plan. In September 1995, the Agency sought and received temporary custody of the four minor children. The temporary custody placement was the result of physical abuse, verbal abuse, deplorable home conditions and immunization/medical problems. During the winter of 1995, appellants were reunited with their four children and the trial court again imposed an order of protective supervision. In May 1996, the Agency filed another complaint for temporary custody in which it alleged that the parents were unable to provide appropriate care, supervision and discipline for the children. The complaint also alleged that the children suffered physical abuse and/or inappropriate discipline. In June 1996, the Agency filed an affidavit for emergency custody of Cody Howard, placing him in the emergency shelter care of the Agency pending a hearing. Subsequently, the magistrate followed the recommendation of the Agency and in September 1996, removed the children from appellants' care and custody and placed them in the temporary custody of the Agency. On February 20, 1998, the Agency filed a complaint for permanent custody. Following the filing of this complaint, in March 1998, Gloria Spence filed a motion to intervene and requested that she be named residential parent and legal custodian of the four minor children. The trial court granted the motion on June 12, 1998. An ex parte judgment entry filed on October 2, 1998, transferred legal custody of the children from Gloria Spence to Janet Lindeanau. Following this change in custody, appellants filed a motion requesting that they be named the residential parents of the four minor children on January 23, 1999. Thereafter, the Agency filed another complaint for permanent custody on April 14, 1999. This matter proceeded to hearings on the complaint on May 26, 1999 and August 25, 1999. The magistrate issued his decision on September 17, 1999, and granted the Agency's complaint for permanent custody of the four minor children. Appellants filed objections on October 1, 1999. The trial court overruled appellants' objections and adopted the magistrate's decision on June 15, 2000. Appellants timely filed a notice of appeal and set forth the following assignment of error for our consideration:
 I. THE STATE FAILED TO PROVIDE CLEAR AND CONVINCING EVIDENCE TO JUSTIFY THE COURT'S AWARDING PERMANENT CUSTODY TO RICHLAND COUNTY CHILDREN SERVICES. I
Appellants contend, in their sole assignment of error, that the Agency failed to prove its case by clear and convincing evidence and therefore, the trial court's decision to grant permanent custody to the Agency is against the manifest weight of the evidence. We disagree. Before a trial court may terminate parental rights with regard to a child who is neither abandoned or orphaned, it must find by clear and convincing evidence that : (1) it is in the best interest of the child to be placed in the permanent custody of the moving agency, based on an analysis under R.C.2151.414(D), and (2) that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent, based on an analysis under R.C. 2151.414(E). "Clear and convincing evidence" is that evidence which will produce in the trier of fact " `a firm belief or conviction as to the facts sought to be established.' " In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. In applying the manifest weight standard of review, our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279,281. It is based on this standard that we review appellants' sole assignment of error. Under R.C. 2151.414(B)(1), * * * the trial court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply: (a) The child is not abandoned or orphaned or has not been in the temporary custody of a public children services agency or private child placing agency under one or more separate orders of disposition issued under section 2151.353
or 2151.415 of the Revised Code for twelve or more months of a consecutive twenty-two month period ending on or after the effective date of this amendment, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
* * *
(d) The child has been in the temporary custody of a public children services agency or private child placing agency under one or more separate orders of disposition issued under section 2151.353 of the Revised Code for twelve or more months of a consecutive twenty-two month period ending on or after the effective date of this amendment.
In determining the best interest of a child, R.C. 2151.414(D) provides:
 * * * the court shall consider all relevant factors, including, but not limited to, the following: (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) The custodial history of the child, including whether the child has been in the temporary custody of a public children services agency or private child placing agency under one or more separate orders of disposition issued under section 2151.353 or 2151.415
of the Revised Code for twelve or more months of a consecutive twenty-two month period ending on or after the effective date of this amendment; (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; (5) Whether any of the factors in divisions (E)(7) to (12) of this section apply in relation to the parents and child.
In the case sub judice, the parties stipulated and the trial court found that pursuant to R.C. 2151.414(B)(1)(d), the children have been in temporary custody for more than twelve of the last twenty-two months. As to the issue of best interest, the trial court considered R.C.2151.414(D)(3), a factor that also addresses the custodial history. However, a best interest determination is not sufficient to grant permanent custody. Under R.C. 2151.414(E), the trial court must also consider certain factors in determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. In doing this, the trial court found R.C.2151.414(E)(1) applicable, which provides as follows: (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties. We find the record contains clear and convincing evidence to support the trial court's finding that it was in the best interest to grant the Agency's motion for permanent custody and to terminate appellants' parental rights. The Agency first became involved with appellant in 1995 due to inappropriate corporal punishment, appellants' inability to manage the children's out-of-control behavior, and deplorable home conditions. Tr. May 26, 1999, at 10-11. The Agency concedes that arguably appellants worked their case plan, however, the record indicates appellants were either unable or unwilling to use what they learned from the case plan to remedy the problems that existed in the home. Appellants attended the required parenting classes, but were argumentative with the instructor. Id. at 12. Both appellants completed psychological examinations that were admitted into evidence. Appellant April Howard's evaluation indicated that she has a "lack of insight and reluctance to admit problems" and "tendency to project blame on others." The report recommended "productive psychotherapy prior to having the children reunite with [her]." Appellant Benjamin Howard's evaluation recommended psychotherapy for a serious anger problem prior to reunification with the children. Although appellants attended counseling for over a year, their counselor, Cindy Metzger, testified that they made only minimal progress because of their denial of the problems that they were in counseling to address. Tr. Aug. 25, 1999, at 24-26. Due to appellants' lack of progress, counseling was terminated on December 10, 1997. Id. Appellants' caseworker, John Dillon, testified that "* * * [appellants] have poor supervision skills and lack of insight as to the problems that brought these kids into the care in the first place which lead [sic] to an uncooperative nature." Tr. May 26, 1999, at 18. As to the children, Mr. Dillon testified "* * * that with proper supervision and insight as to what the kids are capable of, you can control the children, which the foster parents did." Id. at 18. Finally, Diana Wilkinson, the treating psychologist for Matthew and Codey Howard, testified about the children's behavioral problems and intense fears of which she attributes to mistreatment by way of neglect and abuse. Tr. Aug. 25, 1999, at 6-7, 9-11. Ms. Wilkinson also testified that the children need a permanent, stable placement with consistent parenting to direct their behaviors and that the return of the children to their birth home would be harmful. Id. at 8-9, 12. Based upon the foregoing and the entire record in this matter, we find the trial court's decision to grant permanent custody of the children to the Agency is supported by clear and convincing evidence. Appellants' sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Richland County, Ohio, is hereby affirmed.
By: Wise, J. Gwin, P.J., and Hoffman, J., concur.